OPINION
On May 14, 1998, the Stark County Grand Jury indicted appellee, Toby Wright, with one count of aggravated burglary in violation of R.C. 2911.11. The indictment was later amended to one count of burglary in violation of R.C. 2911.12. On June 8, 1998, appellee pled guilty to the charge. By judgment entry filed July 13, 1998, the trial court sentenced appellee to three years of community control. On July 27, 1999, appellee's probation officer filed a motion to revoke probation or modify former order. By judgment entry filed September 23, 1999, the trial court revoked appellee's community control sanctions and sentenced him to a determinate term of two years. The trial court credited appellee thirty days for his time served at the Stark Regional Community Correction Center (hereinafter "SRCCC"). Appellee filed an appeal to this court requesting he be given full credit for his time spent in SRCCC, one hundred and six days. This court remanded the case for evidentiary hearing. By judgment entry filed May 8, 2000, the trial court credited appellee the full one hundred and six days. Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED BY GIVING APPELLEE PRISON-TIME CREDIT FOR ALL TIME HE WAS ENROLLED IN THE STARK REGIONAL COMMUNITY CORRECTION CENTER.
 I
Appellant claims the trial court erred in granting prison time credit for all the time appellee spent in SRCCC. We disagree. On April 3, 2000, we reversed and remanded the issue of prison time credit for the trial court to make a determination "as to the nature and circumstances surrounding appellant's entire confinement to the SRCCC." See, State v. Wright (April 3, 2000), Stark App. No. 1999CA00330, unreported. After the hearing, the trial court concluded "that the overall restriction on the liberty of those referred to a community-based correction facility, such as SRCCC, are `confined' pursuant to R.C. 2967.191." See, Judgment Entry filed May 8, 2000. In State v. Napier (July 24, 2000), Stark App. No. 1999CA00331, unreported, we specifically addressed the issue of SRCCC and the issue sub judice: Having now the opportunity in the case sub judice to review the evidence presented in such a hearing, we are satisfied that appellant's setting at SRCCC comported with the guidelines for a CBCF program as provided in R.C. 2301.51, et seq. and O.A.C. Chapter5120:1-14-01, et al. [Footnote omitted] Therefore, pursuant to the rationale of Snowder, the trial court should have granted appellant credit for the requested 110 days in the time period December 1, 1998 to March 30, 1999.
Based upon our decision in Napier, we find the trial court did not err in crediting appellee the full one hundred and six days.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J. Edwards, J. and Reader, V.J. concur.